UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| DAVID W. BILES | ) | |
| | ) | |
| v. | ) | Nos. 4:02-cr-51/4:07-cv-10 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM

David W. Biles ("Biles") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court File No. 21].[1] Biles pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of U.S.C. § 841(a)(1) and (b)(1)(A). Biles contends his sentence should be vacated and set aside because he received ineffective assistance of counsel.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Biles was sentenced to a term of life imprisonment on May 12, 2003, upon a plea of guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base. Biles' judgment was entered on May 19, 2003, and he had ten (10) days, until May 29, 2003, to file a notice of appeal. Biles did not pursue a direct appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, the one-year statute of limitations began to run on May 29, 2003.

---

[1] All documents filed in 2255 cases are now filed in the original underlying criminal case. Therefore all documents relating to Biles' criminal conviction and all documents relating to his 2255 proceedings will be referred to by the Court File Number assigned to the particular document in the underlying criminal case.

1

Biles had one year from the time his judgment of conviction became final to file his § 2255 motion. May 29, 2003, was the date Biles' right to file an appeal expired. Thus, Biles was required to file his § 2255 motion by May 28, 2004. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. PROC. The motion and envelope reveals Biles placed the motion in the prison mailing system on February 8, 2007. Therefore, the Court treats the motion as being filed on February 8, 2007. However, February 8, 2007, is well after May 28, 2004, the expiration of the one-year statute of limitation for filing his § 2255 motion. Consequently, Biles motion is untimely.

Accordingly, Biles § 2255 motion is time-barred by the statute of limitations and will be **DISMISSED** [Court File No. 1].[2]

An appropriate judgment will enter.

                                         */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE

---

[2] Biles claims his tardiness should be excused because his trial counsel's ineffectiveness demonstrates sufficient "cause" and "prejudice" for any noncompliance. However, cause and prejudice is not the appropriate test to determine whether the one-year statute of limitations should be tolled. *See Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) ("We apply the following factors to determine whether equitable tolling is appropriate: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap,* 250 F.3d at 1008 (adopting factors set forth in *Andrews v. Orr,* 851 F.2d 146 (6th Cir.1988))"). Biles has failed to demonstrate his case presents circumstances appropriate for applying the equitable tolling doctrine.